# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 6600 |
| | ) | |
| JAMES PINKNEY, | ) | |
| | ) | |
| Movant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In April 2010, James Pinkney was charged with possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Pinkney pled guilty, and in April 2012, the Court sentenced him to a prison term of 180 months. On June 23, 2016, Pinkney filed this motion under 28 U.S.C. § 2255(a) seeking to vacate his sentence, arguing that the sentence enhancement he received under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), violated his due process rights.

## Background

The ACCA states that a sentence is enhanced where a court finds that the defendant has been previously convicted of three violent felonies. The statute defines a violent felony as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that

presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The last clause in this section, specifically section 924(e)(2)(B)(ii), is typically referred to as the ACCA's "residual clause."

In October 2011, Pinkney pled guilty pursuant to a written plea agreement to a charge of possessing a firearm after having been convicted of a felony. In the plea agreement, Pinkney agreed that he had three convictions for "violent felonies" within the meaning of the ACCA—two for robbery and one for criminal sexual assault.[1] The plea agreement described these convictions as follows:

> iii. On or about March 13, 1985, defendant was convicted of burglary and robbery in the Circuit Court of Cook County, Illinois, and sentenced to three years' imprisonment. Defendant receives zero criminal history points for this conviction pursuant to Guideline § 4A1.2(e). However, this conviction is a "violent felony" under 18 U.S.C. §§ 924(e)(1) & (e)(2)(B)(ii).
>
> iv. On or about August 29, 1986, defendant was convicted of robbery in the Circuit Court of Cook County, Illinois, and sentenced to 42 months' imprisonment. Defendant receives zero criminal history points for this conviction pursuant to Guideline § 4A1.2(e). However, this conviction is a "violent felony" under 18 U.S.C. §§ 924(e)(1) & (e)(2)(B).
>
> viii. On or about February 24, 1997, defendant was convicted of criminal sexual assault in the Circuit Court of Cook County, Illinois, and sentenced to four years' imprisonment. Defendant receives three criminal history points for this conviction pursuant to Guideline § 4A1.1(a). This conviction is also a "violent felony" under 18 U.S.C. §§ 924(e)(1) & (e)(2)(B)(i).

See Case No. 11 CR 00072, Plea Agreement (dkt. no. # 25) ¶ 9.c.iii., iv., viii.

With the ACCA enhancement, Pinkney faced a mandatory minimum sentence of 180 months' imprisonment and an advisory Sentencing Guidelines range of 180 to 210 months. The Court imposed the minimum sentence, 180 months.

---

[1] The plea agreement included an agreement to a fourth "violent felony" conviction, but this was withdrawn prior to sentencing. See Gov't's Resp. at 2 n.2.

**Discussion**

Pinkney brings this motion pursuant to 28 U.S.C. § 2255(a). Under section 2255(f)(3), a defendant may file a motion to challenge his conviction or sentence within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016) (internal quotation marks omitted).

On June 26, 2015, the U.S. Supreme Court ruled in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the ACCA's residual clause violated the Constitution's due process clause. (The Court will refer to the decision as *Johnson* (2015).) Specifically, the Court held that section 924(e)(2)(B)(ii)'s definition of a violent felony as a crime involving "conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague. *Id.* at 2557. In a later decision, the Court concluded that the ruling in *Johnson* (2015) introduced a new substantive rule of constitutional law that applies retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). In accordance with this rule, "petitioners sentenced under the ACCA based on predicate crimes that were determined to be 'violent felonies' under the residual clause are eligible for relief in the form of a new sentence without application of the ACCA's higher statutory minimum." *Rushing v. United States*, No. 16-CV-626-JPG, 2016 WL 4366485, at *1 (S.D. Ill. Aug. 16, 2016).

Based on the ruling in *Johnson* (2015), Pinkney has moved to vacate his sentence on the ground that the ACCA enhancement was improperly imposed in violation of his due process rights. More specifically, Pinkney argues that his robbery

3

and criminal sexual assault convictions do not qualify as violent felonies under the ACCA post-*Johnson* (2015) and that accordingly, the enhanced sentence the Court imposed is unconstitutional. The government disagrees, arguing that Pinkney's prior convictions still qualify as violent felonies under the ACCA, specifically under section 924(e)(2)(B)(i), which remains valid. In addition, as a threshold issue, the government argues that Pinkney's motion is procedurally defaulted or untimely.

For the following reasons, the Court denies Pinkney's section 2255 motion.

**A.     Section 2255(f)**

The government argues that Pinkney's motion is procedurally defaulted. It contends that Pinkney is actually challenging his April 2012 sentence based on the ruling in *Johnson v. United States*, 559 U.S. 133 (2010), in which the Supreme Court found that the term "physical force" in section 924(e)(2)(B)(i) required "force capable of causing physical pain or injury to another person." *Id*. at 140. (The Court will refer to this decision as *Johnson* (2010).) The government argues that for this reason, Pinkney was obligated to raise the issue before the April 2012 sentencing and on appeal from the sentence, or at least in a section 2255 motion filed within one year of when his conviction became final. Gov't's Resp. at 8.

The Court disagrees, at least with regard to Pinkney's two robbery convictions. It is true that Pinkney argues that his robbery convictions do not meet the standard for "violent felony" under section 924(e)(2)(B)(i) set forth in *Johnson* (2010). But that is not the thrust of his section 2255 motion. Rather, Pinkney's contention is that his robbery convictions were found to be violent felonies under the section 924(e)(2)(B)(ii)'s invalidated residual clause. If that is the only viable basis for counting these convictions

4

as violent felonies, then his sentence must be vacated. The government's fallback, however, is that the sentence remains valid because the prior robbery convictions still qualify as violent felonies under section 924(e)(2)(B)(i). Pinkney's arguments regarding whether his robbery convictions meet the requirements of *Johnson* (2010) are offered simply to address this fallback method of upholding his sentence. In short, *Johnson* (2010) becomes an issue only because *Johnson* (2015) invalidated the ACCA's residual clause. Because Pinkney's section 2255 motion is premised on *Johnson* (2015), he did not procedurally default his claim by failing to assert it at sentencing or on appeal.

The opposite is true with respect to Pinkney's criminal sexual assault conviction. That conviction was found to be a violent felony not under section 924(e)(2)(B)(ii)'s residual clause but rather under section 924(e)(2)(B)(i). *See* Plea Agreement ¶ 9.c.viii. Pinkney's only argument about this conviction is that the statute in question does not satisfy the requirements of *Johnson* (2010). That argument was fully available to Pinkney at his 2012 sentencing; it does not depend on any subsequent change in the law. And Pinkney had every reason to make the argument at the time, because all three cited convictions, including the criminal sexual assault conviction, were needed to qualify him for an ACCA sentence enhancement. Pinkney procedurally defaulted this contention by failing to make the argument at the time of his sentencing.

Finally, Pinkney's section 2255 motion is timely to the extent is focuses on his prior robbery convictions. The *Johnson* (2015) decision was issued on June 26, 2015. And in April 2016, in *Welch*, the Court declared that *Johnson* introduced a new substantive constitutional rule that applies retroactively. Under section 2255(f)(3), Pinkney had one year to challenge his sentence based on the new rule established in

*Johnson*.  Pinkney filed his section 2255 motion on June 23, 2016.

**B.    Violent felony under the ACCA**

As indicated, the U.S. Supreme Court invalidated the ACCA's residual clause. Without that clause, the term "violent felony" as used in the ACCA is limited to "any crime punishable by imprisonment for a term exceeding one year [that] has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ."  18 U.S.C. § 924(e)(2)(B)(i).

The Supreme Court in *Johnson* (2010) defined the phrase "physical force" under § 924(e)(2)(B)(i) to mean "force capable of causing physical pain or injury to another person." *Id*. at 140.  The Seventh Circuit has stated that the threshold set by *Johnson* (2010) "is not a high one" and that the Supreme Court "did not hold that 'physical force' requires a level of force likely to cause serious injury, or traumatic injury . . . .  Rather, *Johnson* [ ] requires only force capable of causing physical pain or injury to another person."  *United States v. Chagoya-Morales*, No. 16-1198, 2017 WL 2486022, at *8 (7th Cir. June 9, 2017) (regarding a parallel "crime of violence" provision in U.S.S.G. § 2L1.2(b)(1)(A)(ii)) (internal quotation marks omitted).  "[A] slap in the face will suffice, as will a fear of a slap in the face."  *Id*. (internal quotation marks omitted).

To determine whether a conviction constitutes a crime of violence under the ACCA, a court applies what is referred to as the "categorical" approach.  *See, e.g., Mathis v. United States*, 136 S. Ct. 2243, 2248-49 (2016).  Specifically, "a court assesses whether a crime qualifies as a violent felony in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion."  *Welch*, 136 S. Ct. at 1262 (internal quotation marks omitted).  If,

6

however, the criminal statute under which the defendant was convicted "list[s] elements in the alternative, and thereby define[s] multiple crimes," then a court applies a "modified" categorical approach. *Mathis*, 136 S. Ct. at 2249. "Under that approach, a sentencing court looks to a limited class of documents (for example, the indictment, jury instruction, or plea agreement and colloquy) to determine what crime, and with what elements, a defendant was convicted of." *Id.* The court then compares that crime with the relevant generic offense.

### 1. Robbery

Under Illinois's robbery statute, a "person commits robbery when he or she knowingly takes property [ ] from the person or presence of another by the use of force or by threatening the imminent use of force." 720 ILCS 5/18-1(a). It is undisputed that Illinois's robbery statute is not divisible; it does not provide more than one way in which a person can commit the crime of robbery. For this reason, the Court uses the categorical approach to assess whether a conviction for robbery constitutes a violent felony under the ACCA.

Pinkney argues that the level of force required for a conviction under Illinois's robbery statute does not meet the "physical force" threshold for purposes of section 924(e)(2)(B)(i) as defined in *Johnson* (2010). Pinkney contends that to be convicted under Illinois's robbery statute, a person need not use or threaten physical force. Def.'s Mot. at 8. Pinkney argues that for this reason, robbery under Illinois law does not qualify as a violent felony under the ACCA.

The Illinois robbery statute's language requires the use or threatened use of force. In 1990, the Seventh Circuit held that Illinois's "robbery statute in its own terms

7

includes the elements of either use of force or threatening the imminent use of force, that clearly come within the scope of 18 U.S.C. § 924(e)(2)(B)." *United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990) (internal quotation marks omitted).

Pinkney contends that *Dickerson*, decided in 1990, is no longer good law because it applied a less rigorous analysis than what the Supreme Court required in *Johnson* (2010). The Court agrees. Though the Seventh Circuit has not overruled *Dickerson*, it is difficult to see how the analysis in *Dickerson* survives the Supreme Court's *Johnson* (2010) decision. In *Dickerson*, the Seventh Circuit simply noted that the language of the use of force clause in Illinois's robbery statute mirrored the force clause in the ACCA and stopped its analysis there. *Id.*[2] This method of analysis does not survive *Johnson* (2010). To conclude that a criminal statute has an element of physical force, a court must do more than to match the language from a state criminal statute with the language in section 924(e)(2)(B)(i). *Cf. United States v. Jenkins*, 849 F.3d 390, 394 (7th Cir. 2017) ("[T]he Government attempts to bolster its argument by citing to pre-*Johnson* cases that held kidnapping to be a crime of violence. However, none of these cases found that kidnapping had physical force as an element, and one even expressly stated that it does not.").

Currently, in applying the categorical approach, a court considers not only the language of the state criminal statute at issue but also the level of force courts require to sustain a conviction under the statute. *See, e.g., United States v. Duncan*, 833 F.3d 751, 754 (7th Cir. 2016) ("The answer depends on what [the state] courts require to

---

[2] The Court also examined the particular facts of Dickerson's robbery conviction to see if force was involved, *see id.*, but it is clear that this analysis is no longer appropriate given the required adherence to the categorical approach.

8

convict a person of robbery . . . ."); *cf. Morris v. United States*, 827 F.3d 696, 697 (7th Cir. 2016) ("[T]o determine whether an attempt offense constitutes a violent felony, a court must examine how state courts have applied the general attempt statute to the particular crime attempted.").

The Seventh Circuit has recently assessed the Indiana and Minnesota robbery statutes and has concluded that a conviction under each qualifies as a violent felony under section 924(e)(2)(B)(i). In *Duncan*, the court concluded that robbery under Indiana "intrinsically involves conduct that presents a serious potential risk of physical injury to another" and thus qualifies as a violent felony. *Duncan*, 833 F.3d at 755 (internal quotation marks omitted). The court noted the defendant's argument that "fear of something as minor as a bruise or simple physical pain" would suffice under state law and that this fell below the threshold required by *Johnson* (2010). The Seventh Circuit rejected that argument, stating that *Johnson* (2010) did not hold that physical force under the ACCA means a level of force likely to cause serious injury, or traumatic injury.

> [Rather], the Court held that physical force requires no more than force capable of causing physical pain or injury to another person. The Court said that physical force might consist of nothing more than a slap in the face. Thus, [*Johnson* (2010) does not] hold[ ] that a crime involving actual or threatened infliction of only pain or minor injury cannot qualify as a violent felony.

*Id.* at 756 (internal quotations marks and citations omitted).

Just last week, the Seventh Circuit examined Minnesota's robbery statute and concluded that a conviction under that statute is a conviction for a violent felony under section 924(e)(2)(B)(i). *United States v. Jennings*, No. 16-2861, 2017 WL 2603349 (7th Cir. June 16, 2017). It concluded that "to commit simple robbery in Minnesota, one must intentional inflict, or attempt to inflict, physical pain or injury upon another or must

9

act in such a way as to place a person in fear of physical injury, pain or death." *Id.* at *3. The court reviewed state court precedent suggesting that only minimal force is required for a conviction but concluded that the level of force in these cases was sufficient under *Johnson* (2010). The cases involved: snatching a chain from the victim's neck, leaving scratches; pushing a victim against a wall and taking his wallet; pounding on a victim's car so hard that it made the car shake while demanding money; yanking a victim's arm in order to take her purse; and "jostling" and grabbing a victim as part of a series of acts that resulted in taking his jacket. *Id.* at *4-6.

Illinois case law supports the conclusion that robbery contains an element of physical force sufficient under *Johnson* (2010). Illinois courts distinguish the crimes of robbery and theft based on the level of force used in the commission of a crime. *See People v. Heller*, 2012 IL App (4th) 110262-U, ¶ 29 ("The difference between theft from the person and robbery lies in the force or intimidation used by the perpetrator to accomplish his goal of taking property from a person."). Where there is only a minimal level of force used in taking property, the defendant is guilty of theft, not robbery. *See, e.g.*, *People v. Patton*, 76 Ill. 2d 45, 48, 389 N.E.2d 1174, 1175 (1979) ("[I]f no force or threat of imminent force is used in the taking, there is no robbery, although the act may constitute a theft."). For example, the Illinois Supreme Court found that the "snatching of the purse from the victim along with her arm being thrown back was not a sufficient use of force to constitute robbery." *In re: D.W.*, 2014 IL App (1st) 141140-U (citing *Patton*, 76 Ill. 2d 45, 48, 389 N.E.2d 1174, 1175). By contrast, "[t]he degree of force necessary to constitute robbery must be such that the power of the owner to retain his property is overcome, either by actual violence physically applied, or by putting him in

such fear as to overpower his will." *People v. Hicks*, 2015 IL App (1st) 120035, ¶ 29, 29 N.E.3d 451, 457.

In this regard, the Court focuses on two cases cited by Pinkney upholding robbery convictions with what would he contends involved only minimal force. These cases, Pinkney contends, show that the degree of force required for robbery in Illinois does not measure up to the requirements of *Johnson* (2010). The first case is *People v. Campbell*, 234 Ill. 391, 84 N.E. 1035 (1908), in which the defendant took from a victim a diamond pin that was fastened to the front of his shirt. In 1989, the Illinois Supreme Court said that under *Campbell*, "[s]ufficient force to constitute robbery may be found when the article taken is 'so attached to the person or closes as to create resistance, however slight.'" *People v. Taylor*, 129 Ill. 2d 80, 84, 541 N.E.2d 677, 679 (1989). If this meant that a minor tug on one's clothing amounted to sufficient force to constitute robbery under Illinois law, the Court would have serious concerns regarding whether the Illinois robbery statute meets the requirements of *Johnson* (2010). But in fact more than this was involved in *Campbell*. The victim was waiting for a streetcar and was, initially, jostled while stating on the sidewalk. When he stepped onto the streetcar, he "felt a jerk at his diamond pin or stud, which was fastened in his shirt front." *Campbell*, 234 Ill. at 392, 84 N.E. at 1036. The victim saw one of the two perpetrators with, or trying to take, the pin and made a grab for that perpetrator's hand. The victim testified that the other perpetrator then grabbed his (the victim's) arm and tried to break his hold on the first perpetrator's hand, while two other men accompanying the two perpetrators beat him. *Id.* Considered in its totality, the taking involved far more force than a simple tug on the victim's clothing.

A second case cited by Pinkney is *Taylor* itself. That case involved the taking of a gold chain that was around the female victim's neck. The defendant "came close to her, reached toward her, and snatched the necklace off her neck." *Taylor*, 129 Ill. 2d at 81, 541 N.E.2d at 678. The court said that the crime required sufficient force to constitute robbery: the victim's "necklace was attached to her person in such a way that it offered resistance to anyone who would take it without permission. Defendant had to use force sufficient to overcome this resistance in order to successfully take the necklace." *Id.* at 85, 541 N.E.2d at 680. This is similar to one of the Minnesota cases that the Seventh Circuit in *Jennings* concluded involved force sufficient under *Johnson* (2010). *See Jennings*, 2017 WL 2603349, at *5 (citing *State v. Slaughter*, 691 N.W.2d 70 (Minn. 2005)).

The Court concludes that, as was the case with the Minnesota robbery statute in *Jennings* and the Indiana robbery statute in *Duncan*, a conviction under Illinois's robbery statute requires force sufficient to qualify under *Johnson* (2010).

### 2. Criminal sexual assault

This leaves only Pinkney's criminal sexual assault conviction. The Court earlier ruled that Pinkney's *Johnson* (2010)-based challenge to this conviction was procedurally defaulted. Thus the Court need not assess whether a conviction under the criminal sexual assault statute qualifies under the ACCA.

### Conclusion

For the foregoing reasons, the Court denies defendant James Pinkney's motion to vacate his sentence under 28 U.S.C. § 2255 [dkt. #1] and directs the Clerk to enter judgment denying Pinkney's motion. The Court grants a certificate of appealability

given the importance of the issue and the Court's view that the conclusion it has reached is fairly debatable.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  June 19, 2017